UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL PELLEGRIN | CIVIL ACTION |
| VERSUS | NO. 15-6335 |
| CAPT. RONNIE D. SEAL, SGT. MASTER JORDAN D. SILVA, AND SGT. DOUGLAS D. MILLER | SECTION "I" (4) |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

The plaintiff, Carl Pellegrin ("Pellegrin"), is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Pellegrin filed this *pro se* complaint under 42 U.S.C. §1983 against Captain Ronnie D. Seal, Sgt. Master Jordan D. Silva, and Sgt. Douglas D. Miller, in their individual and official capacities at RCC, asserting that defendants used excessive force against him on August 16, 2015, in violation of federal and state law.[1]

Pellegrin alleges that the defendants escorted him from his cell on RCC Sun Unit to the maximum security area, Sleet Unit, for suicide watch. Pellegrin asserts that he was placed in handcuffs behind his back for the walk to the other area. Once in the lobby of the Sun Unit, the defendants ordered Pellegrin to get down on his knees. Pellegrin claims that he told the officers

---

[1]Rec. Doc. No. 4, Complaint.

that he could not get to his knees because he weighed 273 pounds and with his hands cuffed, he would fall on his face.  Pellegrin asserts that he repeatedly asked for assistance and permission to use the wall to slide down.

Pellegrin further asserts that Captain Seal became upset and cursed at him.  He then grabbed the plaintiff and knocked him to the ground.  Pellegrin claims that all three officers kneeled on him and continually struck him with their fists, causing him to suffer pain and bruising for which he was later treated in the medical unit.

Pellegrin also contends that he has requested protection from the defendants and his requests have been denied.  He also claims that Sgt. Master William D. Jones, who is not a named defendant, was present during the incident and did not assist the plaintiff.

Pellegrin further alleges that he received several disciplinary violations as a result of the incident.  He was found guilty and was denied any request for protection by the Disciplinary Chairman, Col. Billy Anderson, who is not named as a defendant.  He was placed in lock-down on Sleet Unit and pursued appeals of his disciplinary convictions.  Pellegrin seeks monetary compensation, reversal and expungement of the sanctions imposed following the disciplinary proceedings, and an injunction prohibiting the defendants from violating his constitutional rights.

In conjunction with his claims, Pellegrin provided the Court with copies of the disciplinary records related to this incident.[2]  He does not identify which of the charges allegedly were overruled on appeal nor did he provide any appellate rulings.

In connection with this incident,[3] Pellegrin was charged with four counts of aggravated disobedience, three counts of defiance, and one count of general prohibited behavior - threatening

---

[2] Rec. Doc. No. 15.

[3] Pellegrin had disciplinary reports before the alleged use of force incident.  Rec. Doc. No. 15-1, pp. 12, 13.

harm.[4]  At a hearing held on August 21, 2015, Pellegrin was found guilty on each charge.  For aggravated disobedience of Sgt. Miller, he received ten days in isolation.[5]  For aggravated disobedience of Captain Seal, he was given thirty days loss of goodtime credits.[6]  For defiance of Captain Seal, Pellegrin received thirty days loss of goodtime credits and transfer to extended lockdown.[7]  On each of the two counts of aggravated disobedience of Sgt. Silva, he received ten days in isolation.[8]  For the two counts of defiance of Sgt. Silva, Pellegrin was given thirty days loss of goodtime credits on one and ten days in isolation on the other.[9]  For the charge of general prohibited behavior for threatening harm against Sgt. Silva, he received ten days in isolation.[10]

## II.     Standard of Review for Frivolousness under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, even though he has paid the full filing fee.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Section 1915A(b)(1) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis in either fact or law."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*., at

---

[4] Rec. Doc. No. 15-1, pp. 4-11.

[5] Rec. Doc. No. 15-1, p. 11.

[6] Rec. Doc. No. 15-1, p. 8.

[7] Rec. Doc. No. 15-1, p. 10.

[8] Rec. Doc. No. 15-1, pp. 4, 6.

[9] Rec. Doc. No. 15-1, pp. 5, 9.

[10] Rec. Doc. No. 15-1, p. 7.

327. A complaint fails to state a claim upon which relief can be granted when, after assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing Pellegrin's allegations under these standards, it is clear that his claims are frivolous, and otherwise he fails to state a claim for which relief can be granted.

### III.    Absolute Immunity from Suit for Monetary Damages

Because Pellegrin has filed suit against the defendants in both their individual and official capacities, the Court is compelled to consider the applicability of the absolute immunity doctrine as a threshold matter. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). The Supreme Court has repeatedly held that the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own state. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). This doctrine of sovereign immunity founded in the Eleventh Amendment has been recognized, applied, and enforced by the United States Supreme Court for over one hundred years to reject suits brought against the various States in federal court.

The defendants are employed by the Department of Corrections ("DOC"), which is a department within the Louisiana state government pursuant to La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). A state employee, or an employee of a department within the state, sued in his or her official capacity is not considered a person for purposes of suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Instead, the suit would be

considered one against the employer, in this case, the State of Louisiana through the DOC. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). Thus, suit against the defendants in their official capacity as employees of the DOC is a suit against the State of Louisiana, which is prohibited by the Eleventh Amendment. *Accord Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La.1995) ("A suit against any state correctional center would be a suit against the state and would thus be barred by the Eleventh Amendment.").

In addition, unless the State has consented to be sued, sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency. U .S. Const. amend. XI; *Halderman*, 465 U.S. at 100; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Richardson v. Southern Univ.*, 118 F.3d 450, 452 (5th Cir. 1997). Here, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).

Thus, under the Eleventh Amendment, the State of Louisiana, the DOC, and the defendants in their official capacities at RCC are immune from suit for monetary damages in federal court. Pellegrin's claims seeking monetary relief against the defendants in their official capacities must be dismissed as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant.[11]

## IV. Excessive Force Claims Barred from Review under *Heck*

Pellegrin alleges that the named defendants engaged in the use of excessive force while he was being escorted to suicide watch. The preliminary screening of Pellegrin's complaint pursuant

---

[11] The claims for injunctive and declaratory relief are not barred from review. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

to § 1915A reveals that his claims are subject to dismissal with prejudice pursuant to the provisions of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

A claim of excessive force under the Eighth Amendment requires a determination of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To determine the subjective intent of the prison officials, a reviewing court is to consider the extent of injury suffered, the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the officials, and any efforts made to temper the severity of a forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). The amount of force used must be more than *de minimis*, "provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). A plaintiff need not show significant injury, although the extent of the injury may supply insight as to the amount of force applied. *Wilkins v. Gaddy*, 559 U.S. 34, 37-39 & n.2 (2010) ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."); *see also*, *Brown v. Lippard*, 472 F.3d 384, 386-87 (5th Cir. 2006).

To assess the excessiveness of the force used against Pellegrin in the situation described in his complaint, the Court is required to consider the need for force and its temperance under the facts alleged. In doing so, the Court also must consider the fact that Pellegrin was charged with and found guilty of the disciplinary violations of aggravated disobedience and defiance due to his physical and verbal resistance to the officers during their attempts to get him to his knees for placement of the ankle shackles. This is established by the disciplinary forms provided to the

Court by Pellegrin.  For these convictions, he received sentences of additional time in isolation and loss of goodtime credits.

For an inmate like Pellegrin, the disciplinary convictions prohibit him from pursuing monetary damages and injunctive relief under § 1983.  *See Edwards*, 520 U.S. at 648; *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*Heck* applies to claims for declaratory and injunctive relief as well as damages under § 1983).  To evaluate Pellegrin's claims of excessive force, the Court would be called upon to evaluate the need for the force used.  This necessarily includes reconsideration of the disciplinary board's findings that Pellegrin engaged in aggravated disobedience and physical and verbal defiance which prompted the use of force by the named defendants.  Pellegrin cannot use this § 1983 suit to recover damages "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," even when that sentence is a disciplinary conviction.  *Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87.

Instead, before he can obtain relief under § 1983, Pellegrin "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87; *Edwards*, 520 U.S. at 648.  Pellegrin does not allege that all of the related disciplinary convictions have been invalidated or reversed in the manner described in *Heck* and its progeny, and a claim for relief under § 1983 for the use of excessive force would call into the question the validity of each of the convictions he received after the incident.  *See*, *e.g.*, *Powell v. Maddox*, No. 97-280, 2003 WL 21518371, at *1 (N.D. Tex. Apr. 15, 2003) (plaintiff received disciplinary conviction for resisting and charging at the officers while being handcuffed and *Heck* prevented him from pursuing a § 1983 suit for excessive force by those officers), *aff'd*, 81 F. App'x 476, 2003 WL 22734607, at *1 (5th Cir. Nov.

7

20, 2003); *see also*, *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("Where a judgment in favor of the plaintiff-even in a prison disciplinary proceeding-necessarily implies the invalidity of his conviction or sentence, a prisoner's claim for damages is not cognizable."); *Clarke*, 154 F.3d at 189-91 (*Heck* bars a plaintiff's constitutional claims that were fundamentally intertwined with his request to restore good-time credits).

For the foregoing reasons, Pellegrin's excessive force claims against the defendants in their individual capacities, and to the extent Pellegrin seeks prospective injunctive relief against them in their official capacities, are barred from review pursuant to *Heck*, and must be dismissed with prejudice until such time as the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (claims barred by *Heck* are to be dismissed with prejudice until the Heck conditions are met).

Furthermore, having failed to present a cognizable claim under federal law, the Court should decline to exercise its supplemental jurisdiction to consider any state law claims Pellegrin has asserted in connection with the use of force incident. *Sula v. Stephens*, 598 F. App'x 327, 328 (5th Cir. 2015); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *see also*, *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). His state law claims should be dismissed without prejudice.

## V. Recommendation

It is therefore **RECOMMENDED** that Pellegrin's § 1983 claims of excessive force seeking monetary relief against the defendants, Captain Ronnie D. Seal, Sgt. Master Jordan D. Silva, and Sgt. Douglas D. Miller, each in their official capacity, be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and otherwise for seeking relief against an immune defendant under 28 U.S.C. § 1915A.

It is further **RECOMMENDED** that Pellegrin's § 1983 claims of excessive force seeking monetary and injunctive relief against the defendants Captain Seal, Sgt. Master Silva, and Sgt. Miller, in their individual capacities, and the § 1983 claims of excessive force seeking prospective injunctive relief against the defendants in their official capacities, be **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

It is further **RECOMMENDED** that Pellegrin's state law claims be **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise its supplemental jurisdiction, having dismissed Pellegrin's federal claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[12]

New Orleans, Louisiana, this 7th day of November, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.